UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
DAWSON HUBER COLEMAN JR.,   MEMORANDUM
                            AND ORDER
                            14-CV-00523 (JG)

        Petitioner,

    -against-

WARDEN LISA COOPER,

        Respondent.
-------------------------------------------------------------------x

JOHN GLEESON, United States District Judge:

*Pro se* petitioner Dawson Huber Coleman Jr. filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging ongoing criminal proceedings against him in New York court in Kings County. Because petitioner has neither been convicted nor sentenced, the Court dismisses the petition without prejudice as premature.

## DISCUSSION

A petition for habeas corpus pursuant to 28 U.S.C. § 2254 may be brought "in behalf of a person in custody pursuant to the judgment of a State court." *Id*. § 2254(a). Following the state court's judgment, in order to bring a petition for a writ of habeas corpus, a petitioner must first exhaust the remedies available in the state court or show that "there is an absence of available state corrective process; or circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254 (b)(1)(B)(i), (ii). To meet the exhaustion requirement, federal claims must be presented to the highest state court before a federal court may consider the petition. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *Picard v. Connor*, 404 U.S. 270, 275 (1971); *Daye v. Attorney General*, 696 F.2d 186, 190-92 (2d Cir. 1982).

1

Here, Coleman is not in custody pursuant to a state court judgment. In fact, his criminal case is ongoing.[1] *See generally* Petition; *see also* Feb. 4, 2014 Letter from Petitioner, ECF No. 6 (noting, in change of address filing, that petitioner has been released on bail). Nor is there any indication that Coleman has exhausted his state court remedies. Thus, the instant petition is premature and is dismissed without prejudice.[2] *See* 28 U.S.C. § 2254; *see also Behr v. Sposato*, No. 13 CV 3969, 2013 WL 4017033, at *1 (E.D.N.Y. Aug. 6, 2013) (dismissing without prejudice petitioner's § 2254 petition where there was no indication that petitioner had been convicted or had exhausted state court remedies); *Johnson v. New York*, No. 11 CV 2237,

---

[1] Petitioner was arrested on January 12, 2014, and released on bail on January 19, 2014. *See* http://a073-ils-web.nyc.gov/inmatelookup/pages/common/find.jsf (Last visited February 6, 2014).

[2] Petitioner is advised that the Antiterrorism and Effective Death Penalty Act of 1996 signed into law on April 24, 1996, provides a one year statute of limitations for seeking federal habeas corpus review, which runs from the date a conviction is made final as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of:
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

2011 WL 1933726, at *1 (E.D.N.Y. May 18, 2011) (same); *Henry v. Davis*, No. 10 CV 5172, 2011 WL 319935, *1 (E.D.N.Y. Jan. 26, 2011).

To the extent that petitioner also brings this as an action to challenge the constitutionality of his prosecution, *see* Petition at 5 ¶ (A), he is advised that a federal court cannot intervene in an ongoing state criminal proceeding. *See Younger v. Harris*, 401 U.S. 37 (1971).

Thus, the petition for a writ of habeas corpus is dismissed without prejudice as it is premature and unexhausted. *See* Rules Governing § 2254 Cases, Rule 4, 28 U.S.C. foll. § 2254 ("If it plainly appears from the petition ... that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.").

## CONCLUSION

Accordingly, the petition for a writ of habeas corpus is dismissed without prejudice as premature. A certificate of appealability shall not issue as petitioner has not made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2). The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith. *Coppedge v. United States,* 369 U.S. 438, 444-45 (1962).

So ordered.

John Gleeson, U.S.D.J.

Dated: February 10, 2014
      Brooklyn, New York